**ALTON et al. v. JOHNSON HECHT CO. et al.**

No. 8412.

Court of Civil Appeals of Texas. San Antonio. April 9, 1930.

Rehearing Overruled April 30, 1930.

A. B. Crane, of Raymondville, for appellants.

W. H. Crowell and B. S. Wright, both of Raymondville, for appellees.

FLY, C. J.

Fred Alton and R. F. Biggers, the appellants, sued Johnson Hecht Company, a partnership, and Antoinette Sebastian, a widow, for the recovery of $2,000 alleged to be due as commissions for selling certain lands for the partnership. The court instructed the jury to return a verdict for Mrs. Sebastian for $2,-000, less $898.91, as against Johnson Hecht Company, and in favor of the latter for $1,-889.76, as against Fred Alton, and for the sum of $661.33. It seems that Mrs. Sebastian had sued Johnson Hecht Company for the same $2,000 for which Alton and Biggers had sued and the two suits were consolidated. There are eighteen assignments of error, under which appellants present two propositions of law, which amount to the same thing, and that is that to authorize an instructed verdict the evidence should be so strong in favor of the party to whom the instruction is given that reasonable minds could come to but one conclusion.

It seems that Alton had started from Minnesota, then sojourned for a while in Oklahoma, and at the time of the trial had been in Willacy county for six weeks. It seems that trouble had arisen in Oklahoma between Biggers and Johnson Hecht Company and Mrs. Sebastian, but it was all settled, according to Alton, by Mrs. Sebastian agreeing that Biggers was to have Pottawatomie county; that is, that all prospects for the sale of land coming out of that county, no matter who obtained them, went to Biggers. This was denied by other witnesses. Afterwards a written contract was entered into between Alton and Biggers and Johnson Hecht Company for the sale of land in Willacy county, in which the amount of the commissions was stipulated for sales actually consummated. The proposed purchasers, or prospects, as they were labeled, were to be delivered by the agents at Raymondville and returned to their homes without cost to Johnson Hecht Company. The last line in the contract is: "Exclusive territory Pottawatomie County & North part Seminole Co., starting on north line of township 9 to Co. line." No sale was made under that contract. The parties to whom sales were made and for which appellants were claiming commissions were brought down to Willacy county by Mrs. Sebastian and not by appellants. They had no contract for exclusive territory at that time. Mrs. Sebastian paid their way to Texas and back to Oklahoma. Mrs. Sebastian had a written contract with Johnson Hecht Company long before any contract was made with appellants. She was not confined to any part of Oklahoma territory in which to obtain her "prospects." Alton knew that Mrs. Sebastian brought Coleman and Mrs. Curley down and made no objection to her receiving the commissions until after she had been at all the expense and had effected sales. Alton and Biggers had talked with Coleman and tried to induce him to come to Texas, and the result was he made all of his arrangements to go to California instead. He said he did not like Biggers' looks. Mrs. Sebastian induced him to go with her to Texas and sold him land. Appellants desire to profit by her labors to obtain a commission. There was not one word of testimony tending to show that they should receive the commission.

The judgment is affirmed.